```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIE GUERRERA TOOKER,

                  Appellant,           MEMORANDUM & ORDER
                                       18-CV-6331(JS)
                                       19-CV-0064(JS)
          -against-

QUEST VENTURES LTD.,
ALLEN B. MENDELSOHN, and
IPA ASSET MANAGEMENT IV, LLC,

                  Appellees.
----------------------------------X
```

APPEARANCES
For Appellant:          Marie Guerrera Tooker, pro se
                        P.O. Box 1082
                        Riverhead, New York 11901

For Appellees:
Quest Ventures,
Ltd.                    Richard F. Artura, Esq.
                        Phillips, Weiner, Quinn & Artura
                        165 South Wellwood Avenue
                        P.O. Box 405
                        Lindenhurst, New York 11757

                        William Grausso, Esq.
                        Grausso & Foy, LLP
                        131 West Main Street
                        Riverhead, New York 11901

Allen B.
Mendelsohn             Avrum J. Rosen, Esq.
                       Fred S. Kantrow, Esq.
                       Rosen, Kantrow & Dillon, PLLC
                       38 New Street
                       Huntington, New York 11743

IPA Asset
Management, IV,
LLC                    Kevin J. Nash, Esq.
                       Goldberg Weprin Finkel & Goldstein LLP
                       1501 Broadway, 22nd Floor
                       New York, New York 10036

SEYBERT, District Judge:

Appellant Marie Guerrera Tooker ("Tooker" or "Appellant"), a frequent litigant before this Court, appeals from two orders issued by Judge Robert E. Grossman in a Chapter 7 bankruptcy proceeding (Bankr. No. 15-75499); (1) In 18-CV-6331,[1] she appeals from an order authorizing and approving the sale of the estate's interest in real property located at 3581 Middle Country Road, Calverton, New York (the "3581 Property") and 3605 Middle Country Road, Calverton, New York (the "3605 Property" or "Lot 29")[2] (Bankr. No. 15-75499, Order Approving Sale, B.D.E.[3] 232) (Notice of Appeal, D.E. 1); and (2) in 19-CV-0064, from an order directing Tooker and any other occupants to vacate the above properties (Bankr. No. 15-75499, Order to Vacate, B.D.E. 267) (Notice of Appeal, D.E. 1).

In her briefs, however, Tooker refers only to the 3605 Property, known as "Lot 29," and not the 3581 Property. (See 18-CV-6331, App. Br., D.E. 7-1 at ECF pp. 24-28, ¶ 4; see 19-CV-0064,

---

[1] On Tooker's motion, this Court consolidated case number 18-CV-6644 with case number 18-CV-6331. (See Jan. 18, 2019 Elec. Order.)

[2] Previous orders have identified the property located at 3605 Middle Country Road as "Lot 29." (See, e.g. 17-CV-4589, Mem. & Order, D.E. 9.) Tooker's briefs similarly refer to the 3605 Property as Lot 29.

[3] References to this Court's docket entries on the pending appeals shall be preceded by "D.E." References to the Bankruptcy Dockets shall be preceded by "B.D.E."

2

App. Br., D.E. 3 at 5, 8, 9.) The Court thus deems any claims with as to the 3581 Property abandoned. Previously, this Court affirmed Judge Grossman's order directing Tooker to vacate and cease use of the 3605 Property. Tooker v. Quest Ventures Ltd., No. 17-CV-4589, 2018 WL 4783978, at *2 (E.D.N.Y. Sept. 30, 2018). On January 22, 2020, the Second Circuit dismissed Tooker's appeal from this Court's September 30, 2018 decision as moot because "Tooker has already vacated and ceased to use [the 3605 Property], having been removed by the United States Marshals [and the 3605 Property] has since been sold and thus is no longer 'property of the Debtor' to which Tooker might return." In re Quest Ventures, Ltd., --- F. App'x ----, No. 18-3024, 2020 WL 363621 (2d Cir. Jan 22, 2020) (summary order). As the Second Circuit observed, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case, rather than render an advisory opinion." Id. (internal quotation marks and citation omitted). Accordingly, as Tooker challenges the orders with respect to only the 3605 Property, or Lot 29, this Court dismisses the appeals as moot because Lot 29 has been sold and Tooker has vacated the property.

## CONCLUSION

For the foregoing reasons, Tooker's appeals from these bankruptcy orders are DISMISSED AS MOOT. The Clerk of the Court

3

is directed to mail a copy of this Order to the pro se Appellant. The Clerk of the Court is directed to mark these cases (18-CV-6331 and 19-CV-0064) CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __23__, 2018
 Central Islip, New York